ROBERT E. SHAPIRO, TRUSTEE FOR THE HEIRS
OF NEIL J. SHAPIRO, v. CHESTER A. BRUVOLD,
SPECIAL ADMINISTRATOR OF THE ESTATE OF
ROBERT H. BURGOYNE.
JOSEPH BURGOYNE, TRUSTEE FOR THE HEIRS
OF ROBERT H. BURGOYNE, v. ROBERT E. SHAPIRO.

170 N. W. (2d) 860.

September 19, 1969—No. 41969.

*Fred Albert,* for appellant.

*Grannis & Grannis,* for plaintiff respondent.

*Peterson & Holtze* and *Phillip D. Nelson,* for defendant respondent.

NELSON, JUSTICE.

This appeal involves separate actions for death by wrongful act growing out of an automobile collision in which both drivers

were killed. The cases are pending in the Dakota County District Court and are brought under Minn. St. 573.02. One action was brought by Robert E. Shapiro, trustee for the heirs of Neil J. Shapiro, against Chester A. Bruvold, special administrator of the estate of Robert H. Burgoyne; the other was brought by Joseph Burgoyne, trustee for the heirs of Robert H. Burgoyne, against Robert E. Shapiro. The collision occurred head on so that the critical question for the jury's determination will be which driver was traveling in the wrong lane. Each driver was alone.

Robert Shapiro applied for leave to appeal pursuant to Rule 105, Rules of Civil Appellate Procedure, from an order denying his motion for consolidation. Such leave was granted.

The issue involved on this appeal is whether the two actions should be consolidated for trial to avoid advantage to either party. It is conceded by appellant that neither should enjoy the advantage of the presumption of due care against the other pursuant to § 602.04, which reads as follows:

"In any action to recover damages for negligently causing the death of a person, it shall be presumed that any person whose death resulted from the occurrence giving rise to the action was, at the time of the commission of the alleged negligent act or acts, in the exercise of due care for his own safety. The jury shall be instructed of the existence of such presumption, and shall determine whether the presumption is rebutted by the evidence of the action."

Both respondents filed briefs in support of the order denying consolidation. Both of said briefs relied in the main upon Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. (2d) 345.

In the Lambach case a new trial was granted for separate trial of the wrongful death and personal injury actions arising out of the same motor vehicle accident and involved inconsistent presumptions that deceased exercised due care and was negligent because he was driving in the wrong lane. In that case the cars

14

involved were an Oldsmobile owned and operated by Richard Lambach; a Chevrolet station wagon owned and operated by Gerald E. Fitzgerald; a Chevrolet car owned and operated by Gustaf A. Erickson; and a tractor-trailer gasoline truck leased by defendant Northwestern Refining Company and operated by its employee, defendant Vernon Scheid. Lambach sustained fatal injuries and Fitzgerald was seriously injured. Action was brought by Gloria A. Lambach as trustee for the heirs of Richard Lambach and as administratrix of his estate against Northwestern Refining Company and Vernon Scheid. Another action was brought by Gerald E. Fitzgerald against Gloria A. Lambach, as administratrix of the estate of Richard Lambach, deceased, Vernon Scheid, and Northwestern Refining Company. The two cases were tried together. The jury brought in a verdict in each case against Scheid and Northwestern Refining Company, and they appealed. It was conceded in the trial that the collision occurred when Lambach's car crossed over the centerline into his wrong lane of traffic. Under these circumstances, a prima facie case of negligence was established which ordinarily would control as a matter of law unless some excuse or justification was established for his being there. But, due to the enactment of § 602.04, the court was required to instruct that there was a presumption of due care on the part of the decedent, in the death-by-wrongful-act case, which must be rebutted by defendants. Thus, the court had before it two opposite and inconsistent presumptions, both of which had to be overcome by opposing parties.

In the present case, the presumption of due care under § 602.04 applies equally to both drivers. The presumption being the same as to each case, there can be no weightier considerations founded upon policy and logic. In case of consolidation, there is no preponderance favoring one side against the other, and under the circumstances and the presumption applying equally to both, it might be equally disregarded by both if they should agree between themselves to disregard that presumption.

There is no principle of law which is not common to both actions. Reversed and actions ordered consolidated for trial.

ROGOSHESKE, JUSTICE (concurring specially).
I concur in the result.